**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CASE NO.   19 MJ 45 (RMM) |
| | : | |
| **RIVES MILLER GROGAN,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing for the court's consideration. Defendant Rives Grogan ("defendant"), committed the crime of Speeches and Objectionable Language in the Supreme Court Building, in violation of Title 40 U.S.C. §6134. The government respectfully recommends that the Court sentence the defendant to thirty (30) days of uninterrupted incarceration, to run consecutively to any other term of imprisonment, with a one-year period of supervised release, a stay away from the U.S. Supreme Court building and grounds and a $100.00 fine.[1] In support of its memorandum and recommendation, the United States relies on the following points and authorities, and any other representations that it may cite at the sentencing hearing.

**I.   PROCEDURAL BACKGROUND**

On February 28, 2019, the defendant was charged by Information in the U.S. District Court of the District of Columbia with one count of Speeches and Objectionable Language in the Supreme Court Building, in violation of Title 40 U.S.C. §6134. On July 11, 2019, this matter

---

[1] See Attachment 1. The condition requiring the Mr. Grogan to stay away from the U.S. Supreme Court building and grounds does not include the perimeter sidewalks as discussed in U.S. v. Grace, 461 U.S. 171 (1983).

proceeded to a bench trial before the Court and the defendant was adjudged guilty of the sole count in the Information on the same date. Sentencing in this matter is scheduled for October 24, 2019, at 11:30 a.m., before Your Honor.

## I.  FACTUAL BACKGROUND

At approximately 9:40 a.m., on February 27, 2019, the defendant was standing in line on the ground floor the United States Supreme Court building waiting to enter the courtroom where oral arguments were scheduled to proceed. The defendant was advised by members of the U.S. Supreme Court Police Department (hereinafter "USSCPD") that he would not be allowed to attend oral arguments, as a result of his prior arrests for disrupting oral arguments at the Supreme Court. The defendant was advised that although he would not be allowed entry into the courtroom, he could access the public areas of the building.

Shortly after receiving this directive, the defendant proceeded to the base of the staircase located on the ground floor, where USSCPD members were conducting briefings with members of the public who were waiting to enter the courtroom and observe arguments. The defendant began screaming statements regarding abortion, religion and the Supreme Court justices up the staircase. Specifically, the defendant was screaming that abortion is murder, that the Supreme Court is the court of Satan, that the Supreme Court is the house of Satan and that the justices would burn in hell for legalizing abortion. The defendant's conduct was so disruptive that it interfered with the USSCPD public briefings, causing the line of people to break down as they sought to determine the source of the screaming. Employees of the courthouse and members of the press also exited their respective offices to determine the cause of the noise.

In response, Officer Wingler, Officer Mullins and Inspector Giaccio of the USSCPD had to execute a takedown of the defendant because he would not stop screaming or comply with law

enforcement commands. As the officers took the defendant to the ground in an attempt to arrest him, he continued screaming statements similar to those previously referenced and continued to resist arrest. The defendant had to be carried part of the way to the USSCPD processing area after being arrested, and only stopped his disruptive conduct when he was fully removed from the public areas of the courthouse.

## III. SENTENCING GUIDELINES AND GOVERNMENT'S RECOMMENDATIONS

In sentencing the defendant, all of the applicable factors set forth in Title 18 United States Code, Section 3553(a), should be considered by this Court. See United States v. Gall, 128 S. Ct. 586 (2007). These factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. § 3553(a)(1)); (2) the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment (18 U.S.C. § 3553(a)(2)); (3) the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. §§ 3553(a)(4) and (a)(5)); and (4) the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)). The parties agree and stipulate that the U.S. Sentencing Guidelines are inapplicable in this matter, as the offense that the defendant committed constitutes a petty offense pursuant to 18 U.S.C. § 19. Due to the seriousness of the offense, the defendant's lengthy and substantial criminal history involving identical and similar criminal offenses, the need to promote respect for the law, and the need to deter the defendant from engaging in similar conduct in the future, this Court should sentence the defendant as recommended by the government.

A.  The Nature and Circumstances of the Offense

The nature and circumstances of the offense for which the defendant has been adjudicated guilty is concerning to the government.  In his sentencing memorandum, the defendant attempts to mitigate the seriousness and significant effect of his conduct by stating that he was motivated by his commitment to his religious faith and belief that he had a *First Amendment* right to warn the USSC Justices about ills of abortion.  Def. Sent. Memo at 2.  However, the purpose of the USSC building, including the courtroom, is to provide a forum where legal disputes can be adjudicated in an orderly and decorous manner.  Cox v. Louisiana, 379 U.S. 559, 562 (1965) ("the unhindered and untrammeled functioning of our courts is part of the very foundation of our constitutional democracy"); Hodge v. Talkin, 799 F.3d 1145, 1150 (the government has "long-recognized interests in preserving decorum in the area of a courthouse and in assuring the appearance (and actuality) of a judiciary uninfluenced by public opinion and pressure").

The defendant ignored this purpose.  In fact, the uncontroverted evidence at trial was that the defendant premeditated his disorderly conduct and was keenly aware of the consequences of his actions.  One of the government's witnesses testified that she was so concerned by the defendant's statements that she considered reporting him to the police.  But for the diligence of the various members of the USSCPD, the defendant would have been able to once again engage in his protest inside the courtroom.

To protect the integrity and impartiality of the USSC, the USSC Justices should not be subjected to drama-filled speeches and theatrics as it seeks to adjudicate cases and resolves controversies that significantly affect our country as a whole, more notably the daily lives of

individual citizens.  United States v. Grace, 461 U.S. 171, 182-183 (1983) (*Grace II*) (recognizing the importance of the appearance of judicial impartiality) and Williams-Yulee v. Florida Bar, 135 S. Ct. 1656, 1673 (2015) (State's have a compelling interest in preserving public confidence in their judiciaries).

    B.   The History and Characteristics of the Defendant

The defendant has a criminal history that consists of several prior convictions for similar offenses.  Specifically, the defendant has been convicted of a similar offense approximately six times.  Furthermore, the defendant's arrest history consists of an additional five contacts with the criminal justice system for similar offenses.  Notably, the defendant is currently pending sentencing in yet another similar offense, in D.C. Superior Court case number 2018 CMD 18979.  In that case, the defendant was convicted of Unlawful Demonstration in a Capitol Building, and Unlawful Demonstration.  The defendant faces a maximum term of imprisonment of six (6) months on the first count, and a maximum term of imprisonment of ninety (90) days on the second count.  The matter is scheduled for sentencing on the same date as the instant matter at 9:30 am.

Also, as the Court is aware, the defendant has a new matter pending before this Court, involving charges of Disobedience or Resistance to a Court's Lawful Writ, Process Order, Rule, Decree or Command, in violation of 18 U.S.C. § 401(3).  With respect to his most recent conviction in case number 15 CR 56 (RDM), the defendant received a sentence of 21 days of imprisonment, followed by 12 months of supervised release.  In that case, the defendant admitted that he engaged in an extremely loud and moderately lengthy outburst inside of the courtroom that interrupted the U.S. Supreme Court's proceedings on April 28, 2015.  The defendant did this after

being convicted of virtually the same offense in 2006 and having direct knowledge of the consequences of his actions.

In his sentencing submission, the defendant asserts that he "made an error in his personal judgment" and that he "fully appreciates the standards of criminal law". <u>Def. Sent. Memo</u> at 2. Given the defendant's history, this claim is wholly without substance or merit. The defendant's claim that he is not likely to reoffend is also baseless. <u>Def. Sent. Memo</u> at 7. Instead, this record makes clear that the defendant's conduct has remained consistent and undeterred.

<blockquote>C. <u>The Need for the Sentence Imposed (A) To Reflect the Seriousness of the Offense, To Promote Respect for the Law, and To Provide Just Punishment for the Offense; and (B)To Afford Adequate Deterrence</u></blockquote>

In this case, the government asserts that a thirty (30) day sentence, is reasonable in light of the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment, and to afford adequate deterrence to the extent possible. The government's sentencing recommendation is quite reasonable in light of the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment, and hopefully to afford adequate deterrence. It is imperative that the punishment for the persistent premeditated criminal conduct described in this case, not be overreaching, but severe enough to engender respect for the law, respect for this Court as well as the community at large.

The government has considered that this offense is not the defendant's first offense of this kind, but one that will now join a long list of prior convictions. The government has also considered that, unlike his prior conviction for protesting at the U.S. Supreme Court, the defendant did not actually make it into the courtroom to disrupt oral arguments. However, as stated previously, that was only due to the vigilance of the members of the USSCPD. Further, the

government has taken into account that the defendant again attempted to use this Court's forum to further the same protest that he engaged in on February 27, 2019. Given each of these considerations, the government's request for a sentence in the middle of the statutory maximum term is fair and reasonable.

A probationary sentence with intermittent jail periods, or home detention as suggested by the defendant, will not have the same deterrent effect because it is convenient for the defendant. It will allow him to go about his normal daily life with virtually no significant impact to cause him to reflect upon the consequences of his actions. He will mainly be able to continue his life with minimal intrusion from the Court's sentence. If there is not a meaningful deprivation of his liberty, then the defendant will not even consider adjusting his behavior in the future.

In light of the fact that the defendant has received numerous periods of probation as a result of his convictions and has not paid more than $200.00 in fines, there is a strong indication that another probationary sentence will not cause the defendant to think about the consequences of his instant or future conduct. Therefore, the government submits that its recommendation for an uninterrupted, incarceration sentence in combination with a period of supervised release (with the stay away condition), and the $100.00 fine will hopefully deter him from engaging in criminal activity and allow for reflection on his past criminal conduct.

**IV.  CONCLUSION**

Based on the aforementioned arguments, the Government respectfully submits that the defendant should be sentenced to a period of thirty (30) days of uninterrupted incarceration, to run consecutively to any other term of imprisonment, with a one-year period of supervised release, a stay away from the U.S. Supreme Court building and grounds and a $100.00 fine.

                        Respectfully submitted,

                        JESSIE K. LIU
                        UNITED STATES ATTORNEY
                        D.C. Bar No. 472-845

By:         /s/
                        LISA NICOLE WALTERS
                        D.C. Bar No. 974-492
                        Assistant United States Attorney
                        555 Fourth Street, N.W., Fourth Floor
                        Washington, D.C. 20530
                        Telephone: (202) 252-7499
                        E-mail: Lisa.Walters@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I caused a copy of this pleading to be served upon counsel of record for the defendant, via the Electronic Case Filing (ECF) system, this 21st day of October, 2019.

                                                  /s/
                                        LISA NICOLE WALTERS
                                        Assistant United States Attorney